IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AKIL TEVA WHITAKER and TIEGA-NOEL VARLACK,

    Plaintiffs,

v.

ALAMEDA COUNTY, a municipal corporation, RAMSEY D. JACKSON, and DOES 1 through 20, inclusive;

    Defendants.

No. C 12-05923 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion for judgment on the pleadings filed by Defendant, Alameda County ("the County") and Officer Ramsey D. Jackson ("Jackson") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court HEREBY GRANTS IN PART and DENIES IN PART Defendants' motion for judgment on the pleadings.

## BACKGROUND

Akil Teva Whitaker and Tiega-Noel Varlack ("Plaintiffs") allege eight causes of action against Defendants stemming from their arrest at a gas station on their way home from dinner on the evening December 24, 2010. (Compl. ¶¶ 1-64.) According to the allegations in the complaint, which must be taken as true at this procedural posture, Plaintiffs were driving a BMW that was recently purchased by Varlack and which had no license plates, but did have "dealer tags." (*Id*. at ¶ 5.) Whitaker was driving the car that evening because Varlack "had a

glass of wine at dinner" and "did not want to drive with any wine in her system." (*Id*. at ¶ 7.) Whitaker "had not been drinking." (*Id*.)

After parking the car at a gas station on the way home, Whitaker went to pay for gas and Officer Jackson approached and started to question Whitaker. (*Id*. at ¶ 4.) Officer Jackson asked Whitaker "how much he paid for the car" and commented that his own "wife wanted a car like that." (*Id*.) Officer Jackson was "[u]nsatisfied with Whitaker's responses" and subsequently arrested Whitaker for driving under the influence. (*Id*.) Whitaker was then handcuffed and put into Jackson's patrol car for driving under the influence despite the allegation that Whitaker had not been drinking. (*Id*. at ¶ 7.) Officer Jackson then approached the car to speak with Varlack. (*Id*. at ¶ 8.) Varlack rolled her passenger side window as the officer approached, asked the officer if there was a problem, and stated that the car belonged to her. (*Id*.) Varlack then attempted to retrieve the registration to prove the car belonged to her, but the officer told her to "remove [her hands] from her purse." (*Id*. at ¶ 9.) Jackson ordered Varlack to take a breathalyzer test which, according to the complaint, "Jackson attempted to shove . . . down [Varlack's] throat." (*Id*. at ¶ 10.) Varlack stated she could not take the breathalyzer test in the position in which she was sitting in the car so the officer then "pulled Varlack out of the car." (*Id*. at ¶¶ 10-11.) After being pulled from the car, Varlack asked the officer if she could walk home. (*Id*. at ¶ 11.) Officer Jackson refused Varlack's request and Varlack began to cry. (*Id*.) At that point, Officer Jackson arrested Varlack for "being histrionic." (*Id*.) Officer Jackson took the keys and drove Varlack's car away without permission. (*Id*. at ¶ 13.) As a result of Officer Jackson driving away in Varlack's car, her car was "vandalized and [Varlack] suffered property loss . . . ." (*Id*. at ¶ 50.) Plaintiffs were then taken to Glenn Dyer Jail. (*Id.* at ¶ 14.)

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

2

**ANALYSIS**

**A.     Applicable Legal Standards for Motion on the Pleadings.**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the claims asserted in the complaint. A Rule 12(c) motion is "functionally identical" to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal 2008). "For purposes of the motion, the allegations of the non-moving party must be accepted as true . . . Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable, but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that the defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

3

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F. 2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F. 2d 242, 246-47 (9th Cir. 1990).

**B.     Government Immunity.**

    **1.     Government Claims Act.**

Defendants move on the pleadings on the basis of immunity pursuant to Plaintiffs' failure to comply with the California Torts Claims Act ("CTCA") only with respect to Plaintiffs' assault and battery claim . All claims for money or damages against local public entities must be filed in accordance with the California Tort Claims Act. Cal. Gov't Code § 905. The CTCA provides that a party cannot file an action for money or damages against a local public agency until a written claim has been filed with and rejected by the defendant agency. Cal. Gov't Code §§ 905, 945.4. 950.2; *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 454 (1974). The CTCA's claim presentation requirements are a condition precedent to maintaining an action against local public entities and "failure to file a claim is fatal to the cause of action." *City of San Jose*, 12 Cal. 3d at 454; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Before commencing suit, a party stating a cause of action that falls within the CTCA must comply with its claim presentation requirements. Additionally, a party stating a cause of action that falls within the CTCA must allege compliance with its procedural requirements in the complaint. *See Chase v. State*, 67 Cal. App. 3d 808, 813-14 (1977); *see also Karim-Panahi,* 839 F.3d at 627. If the party has not fully satisfied the claims presentation requirements of the CTCA prior to filing suit, the party's complaint must allege facts sufficient to support a finding of substantial compliance. *See, e.g., Jamison v. State*, 31 Cal. App. 3d 313, 323 (1971).

Defendants assert they are immune from suit under the CTCA only with respect to the assault and battery claim. Defendants argue they are immune on the basis that Plaintiffs are barred for failing to comply with the claims filing requirement of the CTCA.

4

Here, Plaintiffs have failed to satisfy the requirements of the Act by omitting from the complaint any reference to compliance. Accordingly, the Court GRANTS Defendants' motion on the assault and battery claim with leave to amend to state facts indicating compliance with the procedural requirements of the CTCA.

### 2. Government Code § 820.2.

Defendants move for judgment on the pleadings with respect to the following state law claims: negligence, assault and battery, intentional infliction of emotional distress, and conversion. Defendants argue they are immune from suit pursuant to Government Code § 820.2:

This section provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Cal. Gov. Code § 820.2. The issue here is whether the conduct by Defendants as alleged were discretionary acts within the meaning of § 820.2.

Although there is no purely mechanical test to determine which acts of public employees are discretionary as opposed to ministerial, generally speaking, a discretionary act is one which requires the exercise of judgment or choice. It is not, however, possible to set forth a definite rule which will resolve every case. *Ortega v. Sacramento County Dept. of Health and Human Services*, 161 Cal. App. 4th 713, 733 (2008). The statute granting public employees immunity for discretionary acts does not apply to all acts by public employees within the literal meaning of the term "discretionary." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007). There cannot be a finding of immunity solely on grounds that the affected employee's general course of duties is discretionary. *Id*. Rather, there must be a showing that the specific conduct giving rise to the lawsuit involved an actual exercise of discretion. *Id*.

To determine what constitutes a discretionary act, courts must distinguish between basic policy decisions, which are considered discretionary, and the implementation of those decisions, which is considered ministerial. *Johnson v. State*, 69 Cal. 2d 782, 796 (1968). The distinction

5

1 between discretionary and ministerial acts can be phrased in terms of the difference between

2 "planning" and "operational" levels. *Taylor v. Buff*, 172 Cal. App. 3d 384, 390 (1985).

3 However, "not all acts requiring a public employee to choose among alternatives entail the use

4 of 'discretion' within the meaning of section 820.2." *Barner v. Leeds*, 24 Cal. 4th 676, 683

5 (2000). Immunity is reserved for basic policy decisions which have been expressly committed

6 to coordinate branches of government, such that judicial inference therein would be

7 "unseeming." *Id.* at 685. "There is no basis for immunizing lower level decisions that merely

8 implement a basic policy already formulated." *Id*. "In determining whether an act of a public

9 employee is discretionary under section 820.2, we have distinguished between the employee's

10 operational and policy decisions." *Id*.

11 Here, Defendants argue that "law enforcement officers' decision to investigate and

12 arrest, and the actions officers take during those situations, are discretionary acts for which an

13 officer may not be held liable in tort." (Motion at 5.) However, immunity only extends to the

14 threshold decision to stop or arrest, but not to any alleged negligent conduct "in the execution of

15 the act following this decision . . . ." *Sparks v. City of Compton*, 64 Cal. App. 3d 592, 596

16 (1976).

17 While an officer's decision to investigate may be considered a discretionary act, the

18 actions the officer takes in performing the investigation may still give rise to liability. *See*

19 *McCorkle v. City of Los Angeles*, 70 Cal. 2d 252, 261 (1969). In *McCorkle*, a police officer

20 responded to a traffic accident and decided to conduct an investigation. *Id*. While conducting

21 the investigation, the officer's allegedly negligent conduct caused the plaintiff, one of the

22 drivers involved in the accident, to be hit by a passing car. *Id*. The Court held that although the

23 officer may have exercised his discretion in undertaking the investigation, the statute could not

24 provide him with immunity "from the consequences of his negligence in conducting it." *Id*. at

25 261.

26 Therefore, regardless whether the stop is immunized, the facts as alleged do not afford

27 Officer Jackson immunity for his subsequent conduct. Accordingly, the Court DENIES

28 Defendants' motion for judgment on the pleadings regarding Plaintiffs' state law claims, to the

6

extent they are premised on an assertion of discretionary immunity under Section 820.2 of the California Government Code.

### 3. California Penal Code § 847(b)(1).

Defendants assert they are immune under Section 847(b)(1) of the California Penal Code, which provides immunity for "any peace officer . . . acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest" if "[t]he arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful." Cal. Penal Code § 847(b)(1). Reasonable cause to arrest exists when the facts known to the arresting officer would lead a reasonable person to have a strong suspicion of the arrestee's guilt. *People v. Mower*, 28 Cal. 4th 457, 473 (2002). This is an objective standard. *People v. Adair*, 29 Cal. 4th 895, 904-05 (2003).

Here, taking the facts most favorable to the non-moving party as the Court must, Whitaker was arrested because Officer Jackson was "[u]nsatisfied with Whitaker's responses" when asked about Varlack's car. (Compl. ¶ 4.) Whitaker was then handcuffed and put into Jackson's patrol car for driving under the influence despite the allegations that Whitaker had not been drinking. (*Id*. at ¶ 7.) The allegations as stated do not provide a basis for a finding of probable cause as a matter of law. Accordingly, the Court DENIES Defendants' motion for judgment on the pleadings under California Penal Code § 847(b)(1).

### C. Section 1983 Claims.

#### 1. 42 U.S.C. § 1983 – Unreasonable Search and Seizure.

Plaintiffs assert a cause of action under 42 U.S.C. § 1983 against Defendant Jackson and Does 1 to 20, alleging violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs argue "[i]n falsely imprisoning plaintiffs, defendants denied plaintiff the right the right under the United States Constitution to be free from unreasonable search and seizure of plaintiff's person and property under the Fourth and Fourteenth Amendments." (Compl. ¶ 55.)

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities served by the Constitution and laws of the United States.'" *Wilder v. Virginia Hosp.*

7

*Ass'n*, 496 U.S. 498, 508 (1990). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) violation of a right secured by the Constitution or laws of the United States and (2) a person acting under the color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants move for judgment on the pleadings arguing Plaintiffs have failed to allege sufficient facts to establish that Officer Jackson conducted an unlawful lawful seizure of their persons when Plaintiffs were stopped and arrested by Officer Jackson.

A traffic stop constitutes a "seizure" under the Fourth Amendment, and thus in order to violate § 1983 must be "reasonable." *Whren v. United States*, 517 U.S. 808, 809-810 (1996); *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 946 (9th Cir. 2003). A traffic stop is reasonable if it is based on the officer's probable cause to believe illegal activity has occurred or is about to occur. *Whren*, 517 U.S. at 810. It is also reasonable if based on the officer's reasonable suspicion of illegal activity. *Prouse*, 440 U.S. at 663. Similarly, to violate § 1983 for a claim of false imprisonment, the officer must have lacked probable cause to arrest and subsequently detain Plaintiffs. *See e.g., Cabrera v. City of Huntington Park*, 159 F. 3d 374, 380 (9th Cir. 1998).

"Probable cause exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1044 (2007). Probable cause is measured by an objective standard that would not take into account the arresting officer's specific subjective motivations or beliefs. *Johnson v. Lewis*, 120 Cal. App. 443, 454 (2004).

In a similar case, the court denied a police officer's motion for summary judgment, when construing the facts in plaintiff's favor, there was neither probable cause for the stop nor reasonable suspicion of illegal activity. *Liberal v. Estrada*, 632 F.3d 1064, 1071 (9th Cir. 2011). In *Liberal*, the officer claimed he stopped a driver for having tinted windows, but the plaintiff alleged that the windows were rolled down and therefore not visible. *Id*. Because the court found there was no evidence of criminal activity giving rise to probable cause to arrest,

1 the court denied the officer's motion for summary judgment with respect to the plaintiff's false
2 imprisonment claim. *Id*. at 1078.

3 According the facts as alleged in the complaint, Officer Jackson witnessed Whitaker exit
4 a BMW parked at a gas station. The BMW had no license plates because the car was recently
5 purchased by Whitaker's girlfriend. (Compl. ¶ 5.) After Whitaker exited the BMW, he walked
6 up to the cashier to pay for the gas and while returning to the car, he was approached and
7 questioned by the officer. (*Id*. at ¶ 4.) Whitaker was subsequently arrested for driving under
8 the influence, but he alleges he had not been drinking that evening. (*Id.* at ¶ 7.) Here, Plaintiffs
9 have alleged sufficient facts tending to show Officer Jackson lacked probable cause to arrest
10 and subsequently detain them.

11 Plaintiffs have also alleged facts to support each of the required elements for false
12 imprisonment. Plaintiffs allege they were confined without their consent when they were put in
13 handcuffs and placed in Jackson's patrol car. (*Id*. ¶ 24.) The acts were without lawful privilege
14 because, as alleged, none of the offenses which Plaintiffs were arrested for actually occurred.
15 (*Id*. at ¶¶ 25-26.) And lastly, the confinement lasted for an extended period of time when
16 Plaintiffs were taken to jail. (*Id*. at 14.)

17 The allegations as stated do not provide a basis for a finding of probable cause as a
18 matter of law and set forth sufficient allegations sufficient to state a claim for false
19 imprisonment. Accordingly, the Court DENIES Defendants' motion for judgment on the
20 pleadings with respect to the Section 1983 claim.

21 **2.** *Monell* **Claim.**

22 The County moves for judgment on the pleadings pursuant to Federal Rule of Civil
23 Procedure 12(c) on the basis that the allegations against the County are no more than bare legal
24 conclusions, unsupported by facts with respect to the *Monell* claim. Plaintiffs respond that they
25 allege the County has a practice and pattern of racial profiling and committing constitutional
26 violations and Defendants motion should be denied. (Compl. ¶¶ 59-60.)

27 In order for the County to be liable under § 1983, Plaintiffs must show that: (1) they had
28 a constitutional right of which they were deprived; (2) the City had a custom created by those

9

who may be fairly said to determine official policy, which amounted to, at a minimum, deliberate indifference to Plaintiffs' constitutional rights; and (3) the custom was the moving force behind the constitutional violation. *See Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiffs allege that the County was "given notice of a pattern of ongoing constitutional violations and unlawful practices . . . by the individually named sheriff deputy and others." (Compl. ¶ 59.) Althought the allegations are undetailed, Plaintiffs have alleged sufficient allegations of a municipal policy or custom to survive dismissal at this procedural posture. *Monell*, 436 U.S. at 691. Accordingly, the Court DENIES Defendant' motion for judgment on the pleadings as to Plaintiffs' the *Monell* claim against the County.

**D.     Remaining State Law Causes of Action.**

**1.     Negligence.**

Defendants move for judgment on the pleadings on the negligence cause of action arguing Plaintiffs have failed to state a cognizable claim. In order to state a claim for negligence against a police officer, Plaintiffs must allege facts that show: (1) the officer owed the Plaintiffs a duty care; (2) Defendants breached that duty; and (3) Defendants' breach was the proximate cause of Plaintiffs' injury. *See e.g., Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

Applying the elements of negligence to the facts of this case, it is clear Officer Jackson had a duty to exercise reasonable care and not increase the risk of harm to Plaintiffs when he approached Whitaker. Here, the officer observed Whitaker exit a BMW with no license plates and pay a cashier for gas. Officer Jackson then approached Whitaker and questioned him about the vehicle. Jackson exercised his own judgment in determining whether to question Whitaker. Unsatisfied with Whitaker's responses, Officer Jackson falsely arrested Whitaker for driving under the influence despite the allegation Whitaker had not been drinking. After arresting Whitaker, the officer approached Varlack, who had been sleeping in the car, pulled her out of the car, and arrested her for "being histrionic."

With respect to the elements of duty and breach, Plaintiffs allege that "Defendants and each of them owed a duty to plaintiffs to refrain form actions that caused plaintiff's person or property to be placed in risk of harm. Defendants and each of them breached that duty when they took dominion of plaintiffs' person and property without justification or probable cause without first confirming that the car was registered to Varlack." (Compl. ¶ 19.) Lastly, regarding the element of injury, Plaintiffs suffered injury to their persons as well as their property as a result of Officer Jackson's alleged negligent conduct. (*Id*. at ¶¶ 21-22.) Here, as alleged, Plaintiffs have stated a cause of action for negligence. Accordingly, the Court DENIES Defendants' motion for judgment on the pleadings with respect to the negligence cause of action.

### 2. False Imprisonment.

As stated above under the Section 1983 analysis, Plaintiffs have properly alleged a claim for false imprisonment and the Court DENIES Defendants' motion for judgment on the pleadings on this claim.

### 3. Intentional Infliction of Emotional Distress.

Defendants move for judgment on the pleadings arguing Plaintiffs' allegation of intentional infliction of emotional distress fails to state a cognizable claim. To state a claim for intentional infliction of emotional distress, Plaintiffs must allege facts showing: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *See e.g., Cole v. Fair Oaks Fire Dept*, 43 Cal. 3d 148, 155 (1987). The claim for intentional infliction of emotional distress imposes liability for "conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Id*. Further, behavior "may be considered outrageous if a defendant . . . abuses a relation or position which gives him power to damage the plaintiff's interest." *Id*.

Here, Plaintiffs allege that Officer Jackson arrested Whitaker and Varlack for driving under the influence and for public intoxication, "but in fact the offense had not occurred, nor

11

did [D]efendant have probable cause to believe that it had occurred or that [P]laintiff had committed it." (Compl. ¶¶ 25-26.) In *Cervantez v. J.C. Penny Co.*, 24 Cal. 3d 579, 585-587 (1979), the plaintiff brought a cause of action for intentional infliction of emotional distress against a department store whose security guard arrested him. The Court found that the plaintiff "presented evidence which, if believed, would reasonably support an inference that [the security guard] arrested him either with knowledge that plaintiff had not committed any offense or with reckless disregard of whether he had or not." *Id*. at 593. The Court found this evidence, together with evidence the plaintiff presented to support his false imprisonment and arrest, malicious prosecution, assault and battery causes of action, sufficient to support an intentional infliction of emotional distress claim. *Id*. at 593-94. Here, Plaintiffs have alleged facts that support a cause of action for false imprisonment, and allege that Officer Jackson had no reason to believe that Plaintiffs had committed an offense. (Compl. ¶¶ 25-26.) Similar to the holding in *Cervantez*, these allegations are sufficient to support the first two prongs of an intentional infliction of emotional distress cause of action. *See Cervantez*, 24 Cal. 3d at 593-95. Plaintiffs also allege that they suffered "extreme emotional and mental anguish and humiliation." (Compl. ¶ 42.)

These allegations, taken together in the light most favorable to plaintiffs, are sufficient to state a claim for intentional infliction of emotional distress. Accordingly, the Court hereby DENIES Defendants' motion for judgment on the pleadings for the intentional infliction of emotional distress claim.

**4.  Conversion.**

Defendants also challenge the legal sufficiency of Plaintiffs' conversion claim. Conversion is the wrongful exercise of dominion over the personal property of another. *See Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (2007). To establish a conversion claim, a plaintiff must show: "(1) plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1065 (1998).

12

Here, Varlack alleges the car was registered and owned by her. (Compl. ¶ 15.) Plaintiffs further allege Officer Jackson took Varlack's "keys and drove her car away without asking her permission." (*Id.* at ¶ 13.) Lastly, Plaintiffs allege as a result of Officer Jackson converting Varlack's car to his own use, Varlack's car was "vandalized and [Varlack] suffered property loss . . . ." (*Id.* at ¶ 50.)

These allegations are sufficient to state a claim for conversion. Accordingly, the Court DENIES the Defendants motion for judgment on the pleadings with respect to the conversion claim.

### 8. California Civil Code 52.1(b).

Defendants move for judgment on the pleadings by arguing Plaintiffs have failed to state a cognizable claim under California Civil Code Section 52.1(b). California Civil Code Section 52.1(b) provides a private right of action for damages against any person who "interferes [or] attempts to interfere by threats, intimidation, or coercion" with the exercise or enjoyment of a legal right. Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).

As stated above, Plaintiffs have alleged sufficient facts tending to show various state law causes of action and a claim under § 1983. Therefore, the Court DENIES the Defendants' motion for judgment on the pleadings with respect to the § 52.1(b) claim.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS IN PART and DENIES IN PART the motion for judgment on the pleadings. Plaintiffs shall file an amended complaint in compliance with this order no later than 20 days from the date of this Order. Should Plaintiffs file an amended complaint, Defendants' response shall be filed no later 20 days thereafter.

**IT IS SO ORDERED.**

Dated: September 30, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE