UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIL TEVA WHITAKER, et al.,<br><br>            Plaintiffs,<br>      v.<br><br>ALAMEDA COUNTY, et al.,<br><br>            Defendants. | Case No.   12-cv-05923-JD<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

This case is being dismissed because of plaintiffs' counsel's persistent failure to appear at court-ordered conferences and to prosecute this action. On August 1, 2014, the Court issued an Order to Show Cause to plaintiffs' counsel, M. Alieu Iscandari, after he failed to appear at two case management conferences -- on June 26, 2014, and again on July 31, 2014. *See* Dkt. No. 43. Mr. Iscandari was ordered to appear on August 13, 2014 at 2:00 p.m. in person, accompanied by plaintiffs, to show cause why he failed to appear at the prior conferences. Mr. Iscandari did not appear or file a written response. On August 14, 2014, the Court issued an Order to Show Cause re Dismissal, ordering Mr. Iscandari to show cause at a hearing on August 27, 2014 for his multiple failures to appear. *See* Dkt. No. 45. That order provided that an unexcused absence from the August 27, 2014 hearing would result in dismissal of this case. *Id.* On August 27, 2014, however, Mr. Iscandari once more failed to appear and failed to file a written response to the August 14, 2014 Order to Show Cause. In addition to flouting the Court's orders to show cause and failing to appear at any of the conferences, counsel has not made any effort at all to move this case along.

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to comply with its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258,

1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal. Mr. Iscandari failed to appear for two case management conferences, and then subsequently failed to respond to two orders to show cause. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, due to Mr. Iscandari's failure to respond to either order to show cause, he has offered no explanation for his failure.[1] This weighs strongly in favor of dismissal. *Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court provided Mr. Iscandari multiple opportunities to appear to show good cause for his failure to appear and why this case should not be dismissed. *See* Dkt. Nos. 43, 45. The Court's issuance of the orders to show cause satisfies the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

---

[1] As the Court noted in its August 14, 2014 Order to Show Cause, while the Court is aware that Mr. Iscandari has experienced serious health problems, his duty to his clients and to the Court require that he handle this matter in a professional manner or withdraw from representation for health reasons.

1   Consequently, the Court dismisses this case in its entirety, without prejudice. Plaintiffs
2 may notify the Court within the next 30 days of their plan to handle counsel's defaults and
3 prosecute this action. If plaintiffs decline this opportunity, the case will be dismissed with
4 prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 27, 2014

_____
JAMES DONATO
United States District Judge